**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HARETON TEJADA,**

                **Plaintiff,**

**-vs-**                                                      **Case No. 6:13-cv-466-Orl-22DAB**

**GARDA CL SOUTHEAST, INC.,**

                **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO APPROVE SETTLEMENT (Doc. No. 27)
>
> **FILED:** October 3, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement between Plaintiff and Defendant is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a

proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to sworn Interrogatories, Plaintiff worked for Defendant in a variety of capacities (Doc. 18), and was "routinely denied overtime pay for the first 10 hours of overtime each week." Plaintiff calculates that he is owed overtime wages in an estimated amount of $2,687.39, liquidated damages of $2,687.39, and attorney's fees and costs. *Id.*

As set forth in the motion, the settlement provides that Defendant will pay Plaintiff $2,187.30, plus an equal amount in liquidated damages. Defendant will also pay Plaintiff's counsel $10,625.40 in attorney's fees and costs. In exchange for these payments, Plaintiff agrees to release Defendant from all wage claims (Doc. 27-1).

As for Plaintiff's claim for unpaid wages and liquidated damages, it appears that he is receiving most (if not all) of his claim. Although the amount claimed in the Interrogatories is larger, it is stated as an approximate amount, based on then available records. The latter filed motion indicates that the

settlement "does not represent a compromise." As any actual compromise is slight here, the Court finds the settlement to be reasonable, especially considering the vagaries of litigation.

As for the amount of attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

Here, the parties represent that the fee was negotiated separately from Plaintiff's recovery. While this may be a reference to *Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), *Bonetti,* is not binding throughout this district. The parties also represent that counsel for Plaintiff ultimately discounted the number of hours worked on this case as well as the total costs. No such itemization is presented to the Court for review here. Plaintiff, in his Interrogatories, represents that:

> My costs to date are $495.36 and my attorney's fees are $3,890 ($300 hourly rate x 8.80 hours from primary shareholder on case; $250 hourly rate x 5.00 hour for associate attorney on case).

(Doc. 18). No billing records/ itemization of time expended or explanation supporting the billing rate is provided, nor is there a basis for concluding that Plaintiff has actual knowledge of the accuracy of these amounts. If the ultimate recovery to Plaintiff were compromised to account for these fees, the

Court would be hesitant to approve, based on this slight evidentiary showing. The parties, however, represent that there is no correlation between the amount of monetary consideration to be paid to Plaintiff and the amount of attorney's fees and costs to be paid by Defendant. In view of the fact that Plaintiff is recovering almost all of his claim, the Court finds that as long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised.[1]

As such, it is **respectfully recommended** that the motion be granted, the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 4, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] The Court makes no finding as to the reasonableness of the specific hourly rates, as there is insufficient information provided. The Court finds only that the overall amount of fees and costs does not render the settlement unreasonable, for the factors stated.